IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

QUAN CARR                                                                                                   PLAINTIFF

V.                                              NO. 14-5156

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**O R D E R**

Plaintiff, Quan Carr, appealed the Commissioner's denial of benefits to this Court. On October 6, 2015, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). Plaintiff now moves for an award of $6,862.50 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 37.5 hours of work performed before the Court in 2014 and 2015, at an hourly rate of $183.00. (Doc. 21-1). Defendant has filed a response, stating that she does not oppose the hourly rate sought, but does object to some of the time entries sought, as non-compensable under the EAJA. (Doc. 23).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).  Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $183.00 for 2014 and 2015, for a total of 37.5 hours, which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel failed to submit a CPI index in support of her requested hourly rate. However, Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The Court finds that the CPI-South index supports an award based upon an hourly rate of $183.00 for 2014 and 2015. [1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged she spent in this matter.

**I.     Administrative Level:**

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25 hour-$186.00

2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00

Defendant objects to the following entry, arguing that this was work performed at the administrative level.

| | | |
|---|---|---|
| 3/26/14 | Receive denial by Appeals Council | .10 |

Time spent at the administrative level is not compensable under the EAJA. See <u>Cornella v. Schweiker</u>, 728 F.2d 978, 988-89 (8th Cir. 1984). The Court will therefore deduct 0.10 from the attorney hours.

## II.   Paralegal and Clerical Activities:

Defendant objects to the following entries, arguing they are clerical in nature:

| | | |
|---|---|---|
| 5/6/14 | Complete financial statements for IFP application in office with client | 0.5 |
| 6/3/14 | Meet with Client to obtain missing signature on IFP, answer question on Federal Case | 0.4 |
| 6/4/14 | Review Order allowing Plaintiff to proceed IFP | 0.1 |
| 10/15/14 | Receive and download transcript | 0.3 |
| 10/16/14 | Receive and review Scheduling Order | 0.1 |
| 10/16/14 | Print and review transcript, reorder documents by impairment Listings | 3.1 |
| 11/10/14 | Review Order on Motion | 0.1 |
| 12/11/14 | Review Order on Motion | 0.1 |
| 1/16/15 | File brief with Court | 0.1 |
| 8/6/15 | File objections | 0.1 |

The Court finds the entries dated 5/6/14 (Complete financial statements for IFP Application in office with client); 6/3/14 (Meet with Client to obtain missing signature on IFP, answer question on Federal Case); 6/4/14 (Review Order allowing Plaintiff to proceed IFP); 10/16/14(Receive and review Scheduling Order); 10/16/14(Print and review transcript,

reorder documents by impairment Listings); 11/10/14 (Review Order on Motion); 12/11/14 (Review Order on Motion) are compensable at the attorney hourly rate.

As to the time claimed for the other tasks, clerical or secretarial tasks are not compensable under the EAJA. See Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). "[P]urely clerical or secretarial tasks should not be billed at [even] a paralegal rate regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 2471 n. 10 (1989). There is a plethora of district court cases reaching different conclusions as to whether tasks such as those detailed above are compensable or are considered purely clerical. See e.g., Peters v. Colvin, No. 15-CV-5198-JRC, 2016 WL 948958 at *5 (W.D. Wash. Mar. 14, 2016); Zabawa v. Colvin, 3:14-CV-3068-MEF, 2016 WL 164625 at *1 (W.D. Ark. Jan. 13, 2016); Sheridan v. Colvin, No. JKB-15-10, 2015 WL 5897735 at *2 (D. Md. Oct. 5, 2015); Talmo v. Colvin, No. ELH-14-2214, 2015 WL 5897707 at *2 (D. Md. Oct. 5, 2015); Treadway v. Comm'r. of Social Security, No. 1-13-cv-01248-SAB, 2014 WL 6901869 at *5-6 (E.D. Cal. Dec. 5, 2014); Echtinaw v. Astrue, No. C09-0024-RSL, 2009 WL 6040072 at *4 (W.D. Wash. Dec. 9, 2009); Knudsen v. Barnhart, 360 F.Supp.2d 963, 977 (N.D. Iowa 2004).

However, a review of the various decisions of the Circuit Courts of Appeals indicates that all that have addressed the issue, except the First Circuit, hold that tasks such as the filing of documents and preparing and serving summons are considered clerical and not compensable. See Neil v. Comm'r. of Social Security, 495 Fed. Appx. 845, 847 (9th Cir. 2012); Role Models America, Inc. v. Brownlee, 353 F.3d 962, 973(D.C. Cir. 2004); Coleman v. Houston Independent School District, No. 98-20692, 1999 WL 1131554 at *9 (5th Cir.

5

Nov. 8, 1999).  The Eighth Circuit does not appear to have addressed the issue.  The First Circuit, in Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992), held that tasks such as the filing of documents "ought not to be billed at lawyers' rates, even if a lawyer performs them."  The Court held that the hours should not be completely eliminated, however, as the tasks "fell into the gray area between purely clerical tasks and those properly entrusted to a paralegal." Id.  The Court concluded that, while the hours should not be compensated at the extravagant attorney-fee rate, which was incommensurate to the nature of the tasks, the hours could be compensated at the prevailing paralegal rate.

The undersigned finds the First Circuit's approach persuasive and a reasonable compromise when it is not clear whether tasks such as those at issue in this case should be classified as purely clerical.  Accordingly, Plaintiff's attorney will be compensated for these hours at the prevailing hourly paralegal market rate, which, based on the paralegal rates submitted by other attorneys in this area, is $75.00.

Based upon the foregoing, the Court finds that the time submitted on October 15, 2014 (Receive and download transcript); 1/16/15 (File brief with Court); and 8/6/15 (File Objections) will be compensated at the paralegal rate. .

**III.    Extensions of Time to File Brief:**

Plaintiff's counsel seeks a total of  0.8 hours for work performed on November 10, 2014, and December 11, 2014, relating to two motions for extensions of time to file Plaintiff's brief, due to counsel's work load and personal matters. While the Court found good cause to grant the motions for extension, the Court does not find it reasonable for Plaintiff's counsel to now request payment for work created due to her inability to comply

6

with the Court's scheduling order. Accordingly, the Court will deduct 0.80 hour from the total compensable time sought by counsel.

**IV:   Excessive Time:**

Defendant objects to the following entries as being excessive, and argues the hours should be reduced to 1.0 hours and 0.1 hours, respectively:

7/28/15      Receive and review Report and Recommendations examine for errors and determine that objections will be necessary, outline areas of objections to be researched and reviewed                                              2.7

10/6/15      Receive and review Order declining to adopt report and recommendations

0.3

The Report and Recommendation in this matter was 13 pages in length and Plaintiff filed Objections that were 8 pages in length. The Court does not believe the time submitted by Plaintiff's counsel is excessive.

**IV.   Conclusion:**

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 36.1 attorney hours for work performed in 2014 ( 37.5 hours less 1.4 hours) at an hourly rate of $183.00, and .50 paralegal hours at an hourly rate of $75.00, for a **total attorney's fee award of $6,643.80.** This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

7

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 13th day of May, 2016.

/s/ P.K. Holmes, III

P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE